UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRANDON JAMES RUBIO,

Plaintiff,

v.

HEIDEE HANSON, et al.,

Defendants.

CASE NO. 3:26-CV-5647-JCC-DWC

REPORT AND RECOMMENDATION

Noting Date: July 21, 2026

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Plaintiff Brandon James Rubio, proceeding *pro se*, initiated this lawsuit on June 15, 2026. *See* Dkt. 1. On June 22, 2026, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"). The Court has reviewed Plaintiff's proposed complaint and finds the interests of justice require this case be heard in the Eastern District of Washington. Therefore, the Court recommends this case be transferred to the Eastern District of Washington.

## I. Background

In the proposed complaint, Plaintiff, who is housed at the Washington State Penitentiary ("WSP") in Walla Walla, Washington, alleges Defendants, employees of Washington State,

violated his constitutional rights and the Americans with Disabilities Act ("ADA") when they failed to provide him with the proper opiate use disorder treatment. *See* Dkt. 4-1. Plaintiff has not paid the filing fee and the Court has not ruled on Plaintiff's pending Application to Proceed IFP. As such, the Court has not granted Plaintiff IFP status, nor has the Court ordered the Clerk's Office to attempt service of process. No defendant has appeared in this action.

**II. Discussion**

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not based solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a). Additionally, 28 U.S.C. § 1404(a) allows the district court to transfer a case to "any other district or division where it may have been brought" for the "convenience of parties or witnesses," or "in the interest of justice."

Here, it is clear from Plaintiff's proposed complaint his claims arise out of actions committed at WSP and Airway Heights Corrections Center ("AHCC"). Dkt. 4-1. Both WSP and AHCC are located in the Eastern District of Washington. *See* 28 U.S.C. § 128(a). Further, Defendants Hanson, Gunther, Jackson, and Leone are all located in the Eastern District of Washington. *Id.* Dkt. 1-1. While Plaintiff names two defendants who reside in the Western

District of Washington – Defendant Smith and the Washington State Department of Corrections ("DOC") -- his claims do not arise out of conduct that occurred in the Western District of Washington and Plaintiff has not clearly stated a claim against Defendant Smith or the DOC. *See* Dkt. 4-1. Rather, Plaintiff's allegations related to conduct in the Western District of Washington appear to be historical and contextual and unrelated to the claims pending against Defendants. The Court therefore concludes the interests of justice require this matter to be transferred to the Eastern District of Washington. *See* 28 U.S.C. § 1404(a).

## III. Conclusion

The Court finds the interests of justice require this case be transferred to the Eastern District of Washington. Accordingly, the Court recommends this case be transferred to the Eastern District of Washington in accordance with the Local Civil Rules and that the case be closed. The Court further recommends deferring to the Eastern District of Washington with respect to granting IFP status and screening the proposed complaint.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 21, 2026.**

Dated this 30th day of June, 2026.

David W. Christel
United States Magistrate Judge